# In the United States Court of Federal Claims

No. 21-1460

(Filed: September 17, 2021)

| | |
|---|---|
| IRA JEROME ROSS, <br><br>                Pro Se Plaintiff, <br><br>v. <br><br>THE UNITED STATES, <br><br>                Defendant. | Pro Se; Motion to Appoint Counsel; Motion for Default Judgment; Motion to Dismiss; RCFC 12(b)(1); Motion to Transfer; 28 U.S.C. § 1631 |

*Ira Jerome Ross*, Kinder, LA, pro se.

*Nathanael Brown Yale*, Civil Division, United States Department of Justice, Washington, D.C., with whom were *Brian M. Boynton*, Acting Assistant Attorney General, *Martin F. Hockey, Jr.*, Acting Director, and *Deborah A. Bynum*, Assistant Director, for defendant.

**O P I N I O N**

**FIRESTONE,** *Senior Judge.*

On June 10, 2021, Ira Jerome Ross, a pro se plaintiff currently incarcerated at the Allen Correctional Center in Kinder, Louisiana, filed a complaint in this court claiming that he is entitled to damages and injunctive relief arising from the Department of Justice's (the DOJ) and the Federal Bureau of Investigation's (the FBI) failure to investigate alleged criminal conduct on the part of the Warner Brothers Corporation

(Warner Brothers).[1] Mr. Ross is seeking $50 million in damages from the United States based on the DOJ's and the FBI's alleged violations of his constitutional and statutory right to equal protection. Mr. Ross is also seeking an injunction ordering the FBI to conduct a criminal investigation of Warner Brothers.[2] *Id.* at 3.

Now pending before the court are three motions related to Mr. Ross's complaint. First, on July 12, 2021, Mr. Ross filed a motion for the appointment of counsel. Mot. to Appoint Counsel, ECF No. 9. Second, on August 9, 2021, the government filed a motion to dismiss Mr. Ross's complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), along with its opposition to Mr. Ross's request for counsel. Mot. to Dismiss, ECF No. 11. Third, in a motion dated August 8, 2021 and docketed on August 16, 2021, Mr. Ross seeks default judgment "if no answer is filed" by August 9, 2021. Mot. for Default J. at 2, ECF No. 15.

On August 11, 2021, the court stayed briefing on the government's motion to dismiss pending the resolution of Mr. Ross's motion for the appointment of counsel.

---

[1] On November 30, 2020, Mr. Ross filed a similar complaint in the United States District Court for the Central District of California. *See Ross v. Fed. Bureau of Investigation*, No. 20-cv-10918, ECF No. 1. On December 4, 2020, the district court issued an order dismissing Mr. Ross's complaint for lack of subject matter jurisdiction sua sponte. *Id.*, ECF No. 5. Among other things, the court concluded that it lacked jurisdiction over the constitutional claims Mr. Ross alleged against the FBI and the DOJ because the agencies enjoyed sovereign immunity. *Id.* at 4-5.

[2] This case is one of at least seven lawsuits that Mr. Ross has recently filed in the United States Court of Federal Claims seeking relief based on various other factual circumstances. *See Ross v. United States*, No. 21-1555C, 2021 WL 3124025, at *1 (Fed. Cl. July 23, 2021) (listing cases). On July 23, 2021, Judge Campbell-Smith issued an order enjoining Mr. Ross from filing any new complaints in this court without obtaining leave from the Chief Judge of the Court of Federal Claims. *Id.* at *3.

Order, ECF No. 12.  However, without waiting for the court's ruling on his right to appointed counsel, Mr. Ross, on August 25, 2021, filed his opposition to the government's motion to dismiss.  Resp. to Mot. to Dismiss, ECF No. 17.  In this last filing, Mr. Ross did not address the government's arguments regarding this court's lack of subject matter jurisdiction, but instead asked that the court transfer his case to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1631.  *Id.* at 2-3.  On August 31, 2021, the government filed its reply in support of its motion to dismiss, combined with its opposition to Mr. Ross's motion for default judgment and request for transfer.  Reply in Support of Mot. to Dismiss, ECF No. 19.

For the reasons stated below, the court **DENIES** Mr. Ross's motion for the appointment of counsel, **DENIES** Mr. Ross's motion for default judgment, **GRANTS** the government's motion to dismiss, and **DENIES** Mr. Ross's request to transfer the case to the United States District Court for the District of Columbia.

**I.   BACKGROUND**

On January 31, 2019, Mr. Ross attempted to file a criminal complaint against Warner Brothers in the United States District Court for the Central District of California, alleging that Warner Brothers had embezzled funds, stolen Mr. Ross's intellectual property, and committed criminal copyright infringement by refusing to compensate him for "designing the major motion picture movie titled 'Batman Versus Superman Dawn of Justice.'"  Lodged Compl. at 2-3, *Ross v. Warner Bros. Corp.*, No. 19-757 (C.D. Cal. Jan. 31, 2019), ECF No. 1-1.  The court accepted Mr. Ross's filing, but stated that he did not pay the requisite filing fee when he submitted his complaint and warned him that his

3

complaint would be dismissed if such fee was not paid within thirty days. Notice re: Discrepancies with Lodging of Compl. at 1, *Ross v. Warner Bros. Corp.*, No. 19-757 (C.D. Cal. Jan. 31, 2019), ECF No. 1. On February 21, 2019, Mr. Ross attempted to file a letter with the court stating that the clerk's office had mistakenly filed his criminal complaint as a civil action, but the court rejected the filing. Notice of Document Discrepancies at 2, *Ross v. Warner Bros. Corp.*, No. 19-757 (C.D. Cal. Feb. 25, 2019), ECF No. 2. The court informed Mr. Ross that he could not submit letters to the court and directed him "to contact the United States Attorney Office for a criminal complaint however, judicial determination is required." *Id.* at 1. On March 26, 2019, the court dismissed Mr. Ross's complaint for failure to pay the requisite filing fee. Order of Dismissal or Remand at 1, *Ross v. Warner Bros. Corp.*, No. 19-757 (C.D. Cal. Mar. 26, 2019), ECF No. 3.

Mr. Ross then contacted the United States Attorney's Office for the Central District of California by letter and received a response on June 20, 2019. Compl., Ex. 1 at 9, ECF No. 1-1 (memorandum and exhibits in support of complaint). In its response, the United States Attorney's Office made clear that it "do[es] not represent private citizens in court cases" and stated that Mr. Ross "would have to go through a Federal Investigatory Agency to report [his] complaint." *Id.* The letter also made clear that, even if a federal investigatory agency determined that Mr. Ross's complaint had merit, the United States Attorney's Office would still have the opportunity to determine "whether to take the matter forward." *Id.* Mr. Ross alleges that, following receipt of this letter, he repeatedly attempted to contact the FBI regarding his claims against Warner Brothers, but

received no response. *Id.* at 3-4. Mr. Ross alleges that he also attempted to contact then-Attorney General William Barr regarding his claims, but similarly received no response from the DOJ. *Id.* at 4.

In his complaint before this court Mr. Ross states that the FBI and the DOJ's failure to respond to him gives rise to a claim for money damages and injunctive relief. Specifically, Mr. Ross asserts that, by failing to investigate his complaint against Warner Brothers, the FBI and the DOJ "violated his Equal Protection rights under 42 U.S.C. § 1981," a provision of the Civil Rights Act, as well as his equal protection rights under "the 14th Amendment of the United States Constitution." Compl., Ex. 1 at 2. For these § 1981 and constitutional violations, Mr. Ross asks the court to "[a]ward the total sum of fifty million dollars ($50,000,000.00) for all rights violated, and damages, and injuries caused to him and injunctive relief; A[] Criminal Investigation By FBI." Compl. at 3.

## II.  DISCUSSION

As stated above, there are three motions presently before the court: (1) Mr. Ross's motion for the appointment of counsel; (2) Mr. Ross's motion for default judgment; and (3) the government's motion to dismiss Mr. Ross's complaint and Mr. Ross's request in response to the motion to dismiss that the court transfer this case to the United States District Court for the District of Columbia. The court addresses each of these in turn.

### A.  Mr. Ross's Motion for the Appointment of Counsel

First, Mr. Ross moves for appointment of counsel. In support, Mr. Ross states that he needs the court's assistance because he made "a[] large number of attempts to hire legal representation" but was unsuccessful due to the COVID-19 pandemic and because

5

he is an out-of-state plaintiff. Mot. to Appoint Counsel at 3. Mr. Ross also indicates that he can afford to pay a private or pro-bono counsel. *Id.* at 4. In his filing he explains that he can "pay one thousand dollars ($1,000.00) down, up front" for any counsel appointed by the court. *Id.*

Federal courts are authorized to appoint counsel for indigent litigants in civil proceedings pursuant to 28 U.S.C. § 1915(e)(1), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel."[3] The court's authority to "request" counsel for a litigant "unable to afford counsel" in a civil proceeding, however, is "highly circumscribed, and has been authorized in exceedingly restricted circumstances." *Wright v. United States*, 701 F. App'x 967, 971 (Fed. Cir. 2017) (quoting *Lariscey v. United States*, 861 F.2d 1267, 1270-71 (Fed. Cir. 1988)); *see also Horse v. United States*, No. 20-1624C, 2021 WL 1200727, at *2 (Fed. Cl. Mar. 30, 2021) (discussing circumstances where it is appropriate for federal courts to request counsel in civil matters). The Supreme Court has stated a "presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). The Supreme Court has therefore determined that "appointment of counsel in civil cases may

---

[3] The court acknowledges that, in a non-precedential decision, the Federal Circuit concluded that the authority granted by § 1915 did not extend to the Court of Federal Claims because it is not a "court of the United States." *Kimble v. United States*, 25 F. App'x 926, 929 (Fed. Cir. 2001) (citing § 1915(a)(1)). But this decision did not acknowledge 28 U.S.C. § 2503(d), which states that "for the purpose of construing sections 1821, 1915, 1920, and 1927 of this title, the United States Court of Federal Claims shall be deemed to be a court of the United States." *See also Washington v. United States*, 93 Fed. Cl. 706, 708 (2010) (concluding that the Court of Federal Claims has authority to appoint counsel for incarcerated litigants in civil cases); *see also Horse v. United States*, No. 20-1624C, 2021 WL 1200727, at *2 n.2 (Fed. Cl. Mar. 30, 2021) (same).

be appropriate when quasi-criminal penalties or severe civil remedies are at stake, such as those in a civil commitment proceeding or when an indigent risks losing his or her child in a custody case." *Washington v. United States*, 93 Fed. Cl. 706, 708 (2010) (citing Supreme Court cases). However, "as a general matter, the constitutional right to counsel . . . does not attach in civil cases that do not involve the potential deprivation of a liberty interest." *Pitts v. Shinseki*, 700 F.3d 1279, 1283 (Fed. Cir. 2012).

Applying these standards, the court concludes that Mr. Ross is not entitled to appointed counsel in this case. Mr. Ross's claims for damages and injunctive relief in connection with alleged equal protection violations do not involve the deprivation of a liberty interest or other exceptional circumstance that warrant the appointment of counsel under § 1915(e)(1). *Wright*, 701 F. App'x at 971 (affirming denial of motion for appointment of counsel where plaintiff alleged violations of his constitutional right to equal protection and due process because those claims did not involve the potential deprivation of a liberty interest); *Taylor v. United States*, 590 F. App'x 983, 985-86 (Fed. Cir. 2014) (affirming denial of motion for appointment of counsel where plaintiff sought damages, injunctive, and declaratory relief for violations of her constitutional rights because those claims did not present the "exceptional circumstances" necessary to justify appointment of counsel in a civil action); *see also Gssime v. United States*, No. 14-506C, 2014 WL 6778581, at *3 (Fed. Cl. Nov. 26, 2014) (denying motion for appointment of counsel where plaintiff alleged due process and equal protection claims because the court "detect[ed] no potential threat to plaintiff's liberty"); *Washington*, 93 Fed. Cl. at 709 (denying motion for appointment of counsel where plaintiff's complaint raised claims

against the U.S. Army for damages resulting from discrimination because those claims "d[id] not rise to the level of 'extraordinary circumstance' that necessitates civil legal assistance").

In addition, Mr. Ross is not entitled to counsel given his willingness to "pay one thousand dollars ($1,000.00) down, up front" for any counsel appointed by the court. Mot. to Appoint Counsel at 4. Section 1915(e)(1) authorizes the appointment of counsel for litigants "unable to afford counsel." Here, Mr. Ross has indicated that he can pay counsel, but has had a hard time finding an attorney. Mot. to Appoint Counsel at 3-4. Mr. Ross's difficulty in finding an attorney is not a ground for appointing counsel under § 1915(e)(1). Moreover, Mr. Ross's filings in this case indicate that as of June 1, 2021, he had over $6,000 available in his inmate account. Mot. for Leave to Proceed In Forma Pauperis at 4, ECF No. 2. Because Mr. Ross has not demonstrated that he cannot afford counsel, he is not entitled to appointed counsel under § 1915(e)(1). *See McCauley v. United States*, 38 Fed. Cl. 250, 270-71 (1997) (denying motion for appointment of counsel under § 1915(e)(1) where, among other things, plaintiff did not provide "sufficient proof of her inability to afford counsel"), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998).

For these reasons, Mr. Ross's motion for the appointment of counsel, ECF No. 9, is **DENIED**.

### B. Mr. Ross's Motion for Default Judgment

Rule 55(a) of this court's rules states that a default judgment may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" an action. For the court to enter default judgment, a party

8

must apply for it and the court may only enter default judgment "if the claimant establishes a claim or right to relief by evidence that satisfies the court." RCFC 55(b)(2).

Mr. Ross asks this court to enter default judgment against the government "if no answer is filed by" August 9, 2021, Mot. for Default J. at 2, the date an answer from the government was due under RCFC 12(a)(1)(A). The time for serving an answer, however, changed when the government filed its motion to dismiss under RCFC 12(b). Specifically, the rules provide that if a motion to dismiss is filed and the motion is denied or deferred, the answer to the complaint is due within 14 days from the court's ruling. RCFC 12(a)(4)(A)(i). Here, the government filed a motion to dismiss on August 9, 2021. As such, the government's time for filing an answer was tolled under RCFC 12 until after this court's ruling on the motion. For these reasons, Mr. Ross's motion for default judgment, ECF No. 15, based on the government's failure to file a timely answer is **DENIED**.

### C. The Government's Motion to Dismiss

The government moves to dismiss Mr. Ross's complaint pursuant to RCFC 12(b)(1), arguing that this court lacks subject matter jurisdiction over the claims asserted by Mr. Ross. Mot. to Dismiss at 1-3. Mr. Ross does not challenge the government's jurisdictional arguments. Instead, Mr. Ross asks this court to transfer his complaint to the United States District Court for the District of Columbia. Resp. to Mot. to Dismiss at 2-3. The court addresses the government's motion and Mr. Ross's request for transfer in turn.

### 1. Subject Matter Jurisdiction

The jurisdiction of the United States Court of Federal Claims is governed by the Tucker Act, 28 U.S.C. § 1491(a)(1). The Tucker Act gives the court jurisdiction to consider, "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." *Id.*; *see also Ross v. United States*, No. 21-1555C, 2021 WL 3124025, at *1 (Fed. Cl. July 23, 2021) (explaining the limitations of this court's jurisdiction).

Importantly, the Tucker Act "does not create any substantive right enforceable against the United States for money damages." *N.Y. & Presbyterian Hosp. v. United States*, 881 F.3d 877, 881 (Fed. Cir. 2018) (emphasis omitted) (quoting *United States v. Testan*, 424 U.S. 392, 398 (1976)). A plaintiff asserting a claim before this court therefore "must identify a contractual relationship, constitutional provision, statute, or regulation that provides a substantive right to money damages" against the United States. *Acevedo v. United States*, 824 F.3d 1365, 1368 (Fed. Cir. 2016) (quoting *Khan v. United States*, 201 F.3d 1375, 1377 (Fed. Cir. 2000)).

In this case, Mr. Ross alleges that the DOJ and the FBI violated his equal protection rights under the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1981 by failing to investigate his criminal complaint, and for these violations he seeks money damages and injunctive relief. Compl. at 2; Compl., Ex. 1 at 2. The

government correctly argues that the court lacks subject matter jurisdiction over these claims.

It is well-settled that this court lacks jurisdiction to entertain claims arising under the Equal Protection Clause because the Equal Protection Clause is not money-mandating. *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (upholding dismissal of claims for lack of jurisdiction because it was "clear that the Fourteenth Amendment's Equal Protection Clause does not mandate the payment of money"). It is also well-settled that this court lacks jurisdiction over statutory equal protection claims asserted under 42 U.S.C. § 1981, a provision of the Civil Rights Act. Section 1981 does not create a money-mandating obligation enforceable under the Tucker Act, *May v. United States*, 534 F. App'x 930, 933-34 (Fed. Cir. 2013), and jurisdiction over Civil Rights Act claims rests exclusively with the district courts, *Canuto v. United States*, 673 F. App'x 982, 984 (Fed. Cir. 2016). Mr. Ross also seeks an order from this court compelling the FBI to investigate his complaint against Warner Brothers. Compl. at 3. However, apart from certain exceptions not applicable here, the Tucker Act limits the jurisdiction of this court to claims for money damages against the United States. *Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dep't of Homeland Sec.*, 490 F.3d 940, 943 (Fed. Cir. 2007). This court therefore does not possess jurisdiction under the Tucker Act to entertain Mr. Ross's claims for injunctive relief. *Gump v. United States*, 482 F. App'x 588, 589-90 (Fed. Cir. 2012) (upholding dismissal of a claim seeking injunctive relief prohibiting the United States from conducting criminal or civil proceedings).

For these reasons, this court lacks jurisdiction to consider the constitutional and statutory equal protection claims asserted in Mr. Ross's complaint, and the government's motion to dismiss, ECF No. 11, is **GRANTED**.

### 2. Transfer

Mr. Ross in his response to the government's motion to dismiss asks this court to transfer his complaint to the United States District Court for the District of Columbia, arguing that the district court would have jurisdiction over his complaint under 28 U.S.C. § 1331. Resp. to Mot. to Dismiss at 3. The government opposes transfer, arguing that Mr. Ross fails to articulate a basis for transferring this action and that the district court would otherwise lack subject matter jurisdiction over his complaint. Reply in Support of Mot. to Dismiss at 2-4. For the reasons that follow, the court agrees with the government.

Under 28 U.S.C. § 1631, a federal court must transfer an action to another federal court when (1) the transferring court lacks subject matter jurisdiction; (2) the action could have been brought in the transferee court at the time it was filed; and (3) such a transfer is in the interest of justice. *Space Exploration Techs. Corp. v. United States*, 144 Fed. Cl. 433, 445 (2019) (citing *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1303 (Fed. Cir. 2008)); *see also Khan v. United States*, 759 F. App'x 952, 955 (Fed. Cir. 2019) ("When courts lack jurisdiction, 28 U.S.C. § 1631 requires them to transfer the case to any other court in which the action could have been brought at the time it was filed or noticed, 'if it is in the interest of justice.'"). The party seeking transfer has the burden to "identify the proposed transferee court and show that

jurisdiction would be proper there." *Maehr v. United States*, 767 F. App'x 914, 916 (Fed. Cir. 2019). The decision to transfer "rests within the sound discretion of the transferor court." *Spencer v. United States*, 98 Fed. Cl. 349, 359 (2011).

Applying these standards, the court concludes that transfer is not warranted in this case. The first prong of the transfer test is satisfied because, as discussed above, this court lacks jurisdiction over Mr. Ross's complaint. However, transfer to the District of Columbia district court would not be in the "interest of justice" because the district court would also lack jurisdiction over Mr. Ross's claims.

To begin, sovereign immunity bars Mr. Ross's § 1981 and constitutional equal protection claims for money damages.[4] Under the doctrine of sovereign immunity, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). It is well-settled in the United States Court of Appeals for the D.C. Circuit—the circuit where Mr. Ross has asked that his case be transferred—that, if sovereign immunity has not been waived, a claim is subject to dismissal for lack of subject matter jurisdiction. *In re U.S. Office of Personnel Mgmt. Data Sec. Breach Litig.*, 928 F.3d 42, 61 (D.C. Cir. 2019) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994)); *see Kemper v. U.S. Dep't of Educ.*, 285 F. Supp. 3d 145, 148 (D.D.C. 2018)

---

[4] As noted above, *infra* n.1, the United States District Court for the Central District of California dismissed a similar complaint filed by Mr. Ross on sovereign immunity grounds.

13

("Sovereign immunity 'goes to the subject matter jurisdiction of the court.'" (quoting *Delta Foods Inc. v. Republic of Ghana*, 265 F.3d 1068, 1071 (D.C. Cir. 2001))).

The D.C. Circuit has determined that the federal government has not waived its sovereign immunity to suits for money damages under 42 U.S.C. § 1981. *Benoit v. U.S. Dep't of Agric.*, 608 F.3d 17, 20-21 (D.C. Cir. 2010) (noting that "suits for damages against the United States under the Civil Rights Act . . . are barred by sovereign immunity"); *Brookens v. Solis*, No. 08-5527, 2009 WL 2414420, at *1 (D.C. Cir. May 8, 2009) (citing *Hohri v. United States*, 782 F.2d 227, 245 n.43 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987)) (holding that § 1981 claims are barred by sovereign immunity); *Brown v. United States*, No. 03-5245, 2004 WL 344411, at *1 (D.C. Cir. Feb. 20, 2004) (same). Thus, transfer of Mr. Ross's claims for money damages based on violations of § 1981 is not in the interest of justice. *May*, 534 F. App'x at 936 (denying request to transfer § 1981 claims as not in the interest of justice because "the United States Court of Appeals for the District of Columbia Circuit has twice held claims brought under section 1981 to be barred by the doctrine of sovereign immunity"). The D.C. Circuit has also held that "suits for damages against the United States under . . . the Constitution are barred by sovereign immunity," *Benoit*, 608 F.3d at 20-21 (citing *Clark v. Library of Cong.*, 750 F.2d 89, 103-05 (D.C. Cir. 1984)), and, therefore, transfer of Mr. Ross's constitutional claims for money damages would not be in the interest of justice.[5]

---

[5] Mr. Ross does not allege any claims against federal officers acting in their personal, individual capacities and, accordingly, his complaint cannot be read to assert claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Clark*, 750 F.2d at 102-03.

Finally, the court concludes that the district court would not have jurisdiction over Mr. Ross's claim for injunctive relief and thus transfer of this claim is also not in the interest of justice. As noted above, Mr. Ross seeks an injunction requiring the FBI to undertake a criminal investigation into his complaint against Warner Brothers. Compl. at 3. Although the D.C. Circuit has recognized the ability of federal courts to grant equitable relief in order to remedy agency violations of constitutional rights, *Hubbard v. EPA*, 809 F.2d 1, 11 (D.C. Cir. 1986), the D.C. Circuit has made plain that federal courts do not have the authority to compel a criminal investigation, *Berry v. Fed. Bureau of Investigation*, 464 F. App'x 6, 7 (D.C. Cir. 2012) (citing *United States v. Nixon*, 418 U.S. 683, 693 (1974); *Powell v. Katzenbach*, 359 F.2d 234, 234-35 (D.C. Cir. 1965)) (holding that "the Executive Branch has absolute discretion to decide whether to conduct an investigation or prosecute a case"); *Pilkin v. U.S. Dep't of Justice*, 812 F. App'x 4 (D.C. Cir. 2020) (citing *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995)) (holding that "decisions of the Attorney General of whether to investigate claims for possible criminal or civil prosecution are presumptively immune from judicial review"); *see also Wong v. Garland*, No. 21-cv-2062, 2021 WL 3722731, at *2 (D.D.C. Aug. 23, 2021) (citing *Otero v. U.S. Attorney General*, 832 F.2d 141, 141-42 (11th Cir. 1987)) ("[P]laintiffs cannot compel a criminal investigation, or force the Office of the Attorney General to take specific action, by filing a complaint with the court."); *Dantzler v. U.S. Dep't of Justice*, No. 20-cv-1505, 2021 WL 2809125, at *6 (D.D.C. July 6, 2021) (dismissing request to compel the DOJ to initiate a prosecution as "[t]he Supreme Court 'has recognized on several occasions . . . that an agency's decision not to prosecute or

enforce . . . is a decision generally committed to an agency's absolute discretion'" (quoting *Heckler v. Cheney*, 470 U.S. 821, 831 (1985))).  The district court therefore cannot compel the FBI to investigate Mr. Ross's complaint against Warner Brothers, and a transfer for this purpose is not in the interest of justice.

In view of the foregoing, the United States District Court for the District of Columbia would lack jurisdiction over the claims alleged in Mr. Ross's complaint.  For this reason, Mr. Ross's request that this court transfer this case is **DENIED**.

### III. CONCLUSION

For the reasons stated above, Mr. Ross's motion for the appointment of counsel, ECF No. 9, is **DENIED**, Mr. Ross's motion for default judgment, ECF No. 15, is **DENIED**, and the government's motion to dismiss for lack of subject matter jurisdiction, ECF No. 11, is **GRANTED**.  In addition, Mr. Ross's request to transfer the case to the United States District Court for the District of Columbia is **DENIED**.  The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/*Nancy B. Firestone*
NANCY B. FIRESTONE
Senior Judge